IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Derrick T. Blake, | ) | C/A No. 8:15-cv-01721-DCN-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| MCI Warden N. Walker-Staley, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent's motion for summary judgment. [Doc. 10.] Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on April 16, 2015.[1] [Doc. 1.] On June 18, 2015, Respondent filed a motion for summary judgment and a return and memorandum to the Petition. [Docs. 10, 11.] On June 19, 2015, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 12.] On August 25, 2015, Petitioner filed a response in opposition to the motion for summary judgment. [Doc. 20.] He filed an additional attachment to his response on September 11, 2015. [Doc. 22.]

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, this action was filed on April 16, 2015. [*See* Doc. 1-1 (envelope, marked as received by the prison mailroom on April 16, 2015).]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted and the Petition be denied.

## BACKGROUND

Petitioner is presently confined in the Chester County Detention Center pursuant to orders of commitment of the York County Clerk of Court.[2]  [Doc. 1 at 1; Doc. 23 (notice of change of address to Chester County Detention Center).]  In August 2008, Petitioner was indicted for distribution of crack cocaine within proximity of a park and distribution of cocaine base (crack).  [App. 305–06, 309–10.[3]]  On December 2, 2008, represented by James Boyd, Petitioner proceeded to trial.  [App. 1–178.]  On December 3, 2008, the jury returned a verdict of guilty on both charges.  [App. 170–71.]  Petitioner was sentenced to fifteen years imprisonment on each charge, the sentences to run concurrent.  [App. 176.]

---

[2]At the time he filed the Petition, Petitioner was confined at Manning Correctional Institution, where the warden is Respondent M.C.I. Warden N. Walker-Staley [Doc. 1 at 1], but on October 5, 2015, Petitioner filed a notice of change of address updating his address to Chester County Detention Center [Doc. 23].  On October 13, 2015, Petitioner filed a second notice regarding his address at Chester County Detention Center.  [Doc. 24.]  A prisoner's immediate custodian is the proper respondent in a habeas corpus action because the immediate custodian has the power to produce the prisoner's body before the habeas court.  *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004).  If a prisoner properly files a habeas petition naming the prison warden as the respondent and is relocated to another prison before the court decides whether or not to grant the petition, the court "retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."  *Id.* at 441 (discussing *Ex parte Endo*, 323 U.S. 283 (1944)).  Thus, this Court retains jurisdiction over the Petition following Petitioner's transfer to Chester County Detention Center.

[3]The Appendix can be found at Docket Entry Number 11-1.

2

**Direct Appeal**

Petitioner appealed his conviction. M. Celia Robinson ("Robinson") of the South Carolina Commission on Indigent Defense filed an *Anders*[4] brief on Petitioner's behalf in the South Carolina Court of Appeals, dated November 18, 2009, raising the following issues:

> 1. Did the trial judge err in overruling the defense objection to the prosecution's questioning of appellant where the questioning intruded on the attorney-client privilege?
>
> 2. Did the trial judge err in denying the defense motion for a directed verdict?

[App. 179–92.] At the same time she filed the *Anders* brief, Robinson submitted a petition to be relieved as counsel. [App. 190.] The South Carolina Court of Appeals dismissed the appeal and granted the motion to be relieved in an opinion that was submitted on January 4, 2011 and filed on February 10, 2011.[5] [App. 193.] Remittitur was issued on February 28, 2011. [Doc. 11-3.]

**PCR Application**

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") on September 7, 2011. [App. 194–200.] Petitioner alleged he was being held in custody unlawfully based on the following grounds, quoted substantially verbatim:

> (a) Ineffective Assistance of Trial Counsel/Failure to investigate indictment

---

[4]A brief filed pursuant to *Anders v. Cal.*, 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim.

[5]The opinion references a pro se brief filed by Petitioner [*id.*]; however, the record before this Court does not appear to include the pro se brief.

3

> (b)     Failure to challenge chain of custody
>
> (c)     Failure to object to statement by the prosecutor that were not in evidence

[App. 196.]  In support of his grounds for relief, Petitioner provided the following facts, quoted substantially verbatim:

> (a)     Failure to investigate indictments subject matter jurisdiction
>
> (b)     Failure to challenge each steps in the chain of custody
>
> (c)     Failure to object to statement by prosecutor in closing argument

[App. 196.]  The State filed a return, dated September 21, 2012.  [App. 201–05.]

A hearing was held on October 9, 2012, and Petitioner was represented at the hearing by Leah Moody.  [App. 206–93.]  On May 3, 2013, the PCR court filed an order denying and dismissing the application with prejudice.  [Doc. 294–303.]

A notice of appeal was timely filed.   [Doc. 11-5.]  Carmen V. Ganjehsani ("Ganjehsani") of the South Carolina Commission on Indigent Defense filed on Petitioner's behalf a petition for writ of certiorari in the Supreme Court of South Carolina, dated January 17, 2014.  [Doc. 11-6.]  The petition asserted the following as the sole question presented:

> Whether trial counsel provided ineffective assistance of counsel by failing to object to the solicitor's closing argument when the solicitor's comments: impermissibly appealed to the passions of the jurors; played on the jury's fear of the impact of drugs on our society and invited the jury to convict Petitioner to keep the streets safe from drugs; went beyond the evidence presented at trial and the reasonable inferences therefrom; and so infected the trial with unfairness as to make resulting conviction a denial a of due process?

4

[*Id.* at 3.]   After a return and reply [Docs. 11-7; 11-8], the court denied the petition on August 7, 2014 [Doc. 11-9] and remitted the matter to the lower court on August 25, 2014 [Doc. 11-10].[6]

**Petition for Writ of Habeas Corpus**

Petitioner filed this Petition for writ of habeas corpus on April 16, 2015.  [Doc. 1.] Petitioner raises the following grounds for relief, quoted substantially verbatim, in his Petition pursuant to 28 U.S.C. § 2254:

**GROUND ONE:**  Were [Petitioner's] 5th, 6th & 14th Amendments Right Violated?

*Supporting facts*:  Where Trial Counsel didn't investigate the solicitor's failure to submit through the presiding judge in "Open Court" of General Sessions while grand jury was in attendance.

**GROUND TWO:**  Were [Petitioner's] 5th, 6th & 14th Amendment Rights Violated?

*Supporting facts*:  When Trial Counsel didn't object to or challenge or investigate the steps in the chain of custody (to include fraud, perjury incorrect forms used, no testimony from Clara Painter establishing a complete chain of custody or flaws in drug analyst Cynthia Mitchum's credibility as to her certification.

**GROUND THREE:**  Were [Petitioner's] 5th, 6th & 14th Amendment Right Violated?

*Supporting facts:*  Where trial counsel didn't object to closing argument of Solicitor-"Its not about the lives crack is going to effect...the clerk that gets robbed and shot" "That you [The Jury] represent all of York County today...doing everything...to keep this stuff off the streets...

---

[6]Petitioner attempted to file a pro se Petition for Reconsideration; however, on September 3, 2014, the Supreme Court of South Carolina notified Petitioner that it would take no action on the motion because it was untimely.  [Doc. 11-11.]

[Doc. 1 at 5–8.] As stated, Respondent filed a motion for summary judgment on June 18, 2015. [Doc. 10]. Petitioner filed a response in opposition on August 25, 2015 [Doc. 20] and additional attachments on September 11, 2015 [Doc. 22]. Accordingly, the motion is ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows
> that there is no genuine dispute as to any material fact and the
> movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or

7

unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## Habeas Corpus

### *Generally*

Because Petitioner filed the Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

9

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)    (I) there is an absence of available State corrective process; or
>>
>>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may

10

consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[7] Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts. For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment. S.C. App. Ct. R. 203(b)(2), (d)(1)(B). A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson*

---

[7]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d at 162–65. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

*v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).  Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts.  In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition.  *See Smith v. Murray*, 477 U.S. 527, 533 (1986).  The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts.  *See id.*  Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion.  *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time.  *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991).  Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court.  S.C. App. Ct. R. 203(d)(3), 243.  If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also*

*Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995).  As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim.  *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)).  When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim.  *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim.  *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court.  *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991).  Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim.  *Wainwright*, 433 U.S. at 87.  In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply.  *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

### *Statute of Limitations*

Under the AEDPA, petitioners have one year to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D).  However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  *Id.* § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law.  *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)).  In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit.  *Id.* at 417.  Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

The Supreme Court recently recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition.  *Holland v. Florida*, 560 U.S.631,648 (2010) (quoting *Pace*, 544 U.S. at 418). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied.  *Id.* at 2563.

## DISCUSSION

Respondent argues the Petition is time barred. [Doc. 11 at 7–10.] Upon review, the Court agrees that the Petition is untimely and Petitioner is not entitled to equitable tolling.

**Expiration of Limitations Period**

The South Carolina Court of Appeals dismissed Petitioner's appeal on February 10, 2011 [Doc. 16-7], and Petitioner did not seek further review. Consequently, Petitioner had one year from February 25, 2011, fifteen days after the South Carolina Court of Appeals' opinion was filed, to file a federal habeas petition. 28 U.S.C. § 2244(d)(1); *Gonzalez v. Thaler*, --- U.S. ---, ---, 132 S. Ct. 641, 653–54 (2012) (holding that a judgment becomes final for purposes of § 2244(d)(1) "when the time for pursuing direct review in [the United States Supreme] Court, or in state court, expires"); S.C. App. Ct. R. 221(a), 242(c) (establishing that a decision of the South Carolina Court of Appeals is not final for purposes of petitioning the Supreme Court of South Carolina for review until the petitioner has filed a motion for rehearing by the Court of Appeals, and such motion must be filed within fifteen days of the Court of Appeals' decision).

Petitioner filed his PCR application on September 7, 2011 [App. 194–200], such that 194 days of the one-year limitations period had expired before Petitioner filed his PCR application. The one-year period in which to file a federal habeas petition is tolled during the pendency of a PCR application or other collateral relief properly filed in state court, 28 U.S.C. § 2244(d)(2), and Respondent concedes the statute of limitations was tolled during the period the PCR application was pending—from September 7, 2011 until August 25, 2014, when the Supreme Court of South Carolina issued remittitur in the appeal from the

16

denial of Petitioner's PCR application [Doc. 11-10].[8]  Therefore, the one-year limitations period began to run again on August 25, 2014 and expired 171 days later on February 12, 2015.  As a result, the Petition—filed on April 16, 2015, more than two months after the expiration of the limitations period—is time barred.

**Equitable Tolling**

In his response in opposition to the motion for summary judgment, Petitioner argues he is entitled to equitable tolling because he "did not receive a notice from the [Supreme Court of South Carolina] that his [pro se] motion had been ruled upon until February 25th, 2015."  [Doc. 20 at 5.]  For the reasons explained below, Petitioner is not entitled to equitable tolling.

As the United States Supreme Court has recognized:

> Under our system of representative litigation, "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'"  *Link v. Wabash R. Co.*, 370 U.S. 626, 634, 82 S. Ct. 1386, 1390, 8 L. Ed.2d 734 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326, 25 L. Ed. 955 (1880)). . . . Federal courts have typically extended equitable relief only sparingly.  We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.

---

[8]The Court is aware that at least one district judge in this district has held that final disposition of a postconviction proceeding in South Carolina, for purposes of determining the date when a case is no longer pending under § 2244(d)(2), does not occur until the remittitur is filed in the circuit court.  *Beatty v. Rawski*, Civil Action No. 1:13-3045-MGL-SVH, 2015 WL 1518083 (Mar. 31, 2015).  However, in this case, using the filing date of the remittitur would not change the outcome.  The remittitur was filed on August 27, 2014, two days after it was issued.  [Doc. 11-4.]  As discussed infra, the Petition was filed more than two months after the expiration of the limitations period; accordingly, the two-day delay in filing the remittitur is of no consequence in this case.

> We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S. Ct. 1723, 1725, 80 L. Ed.2d 196 (1984).

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92, 96 (1990) (footnotes omitted). The Fourth Circuit Court of Appeals has underscored the very limited circumstances in cases subject to the AEDPA where equitable tolling will be permitted, holding a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).[9]   The Supreme Court has

suggested that equitable tolling is justified to relieve the operation of a limitations bar due

to egregious unprofessional attorney misconduct, such as abandoning the client; a last

minute change in representation beyond the client's control; failing to conduct essential

services of representation like communicating with the client and performing basic legal

research; and denying the client access to files and misleading the client.  *Holland*, 130 S.

Ct. at 2564 (citations omitted).  Further, as previously stated, the Supreme Court has held

that, in addition to demonstrating extraordinary circumstances prevented the petitioner from

timely filing, the petitioner must demonstrate he has been diligently pursuing his rights.  *Id.*

at 2562.

    As stated, Petitioner argues he did not receive notice that his pro se motion for

reconsideration had been ruled upon until February 25, 2015.  As proof, Petitioner attaches

(a) a letter he sent to the Clerk of Court of the Supreme Court of South Carolina, dated

February 10, 2015, seeking confirmation that the Clerk of Court received Petitioner's pro

se brief [Doc. 20-1 at 7] and (b) an envelope from the Clerk of Court of the Supreme Court

---

[9]Other courts of appeals have similarly expressed that equitable tolling of the AEDPA statute of limitations is to be employed sparingly.  *See, e.g.*, *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003) (applying the general rule that "'attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the "extraordinary" circumstances required for equitable tolling'" (citation omitted)); *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) ( "[C]ounsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file [the petitioner's] habeas petition in the district court within the one-year limitations period."); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (refusing to apply equitable tolling where late filing was caused by attorney's use of ordinary mail to send petition from Atlanta to Miami less than a week before it was due); *see also Rouse*, 339 F.3d at 246 ("Principles of equitable tolling do not extend to garden variety claims of excusable neglect." (citation omitted)).

of South Carolina, stamped by the prison mail room on February 25, 2015 [*id.* at 6].

Additionally, Petitioner attaches a copy of the letter from the Supreme Court of South

Carolina, dated September 3, 2014, notifying him that it would take no action on his pro se

motion; handwritten on the letter is "removed from SCCID never sent copy to me" and "no

copy sent to me." [*Id.* at 9.]

Petitioner's PCR became final when the Supreme Court of South Carolina issued

remittitur on August 25, 2014 or when the remittitur was filed on August 27, 2014. The

remittitur demonstrates that a copy was sent to Ganjehsani [Doc. 11-10], and Petitioner has

not alleged that he did not receive a copy of the remittitur.[10] To the extent Petitioner did not

understand that the issuance of the remittitur in this case ended the tolling of the statute

of limitations, ignorance of the law is insufficient to justify equitable tolling. As the Fourth

Circuit Court of Appeals has held, in the context of equitable tolling of the statute of

limitations, "even in the case of an unrepresented prisoner, ignorance of the law is not a

basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004)

(citations omitted); *see also Harris*, 209 F.3d at 33–31 (holding that unfamiliarity with the

legal process, lack of representation, or illiteracy are not grounds for equitable tolling).

_____

[10]Even if Ganjehsani failed to send a copy of the remittitur to Petitioner, "attorney error of this type does not amount to an extraordinary circumstance entitling a habeas petitioner to the benefit of the doctrine of equitable tolling." *Asbury v. Stevenson*, C/A No. 3:09-cv-2557-DCN-JRM, 2010 WL 3814477, at *7 (D.S.C. Sept. 23, 2010) (citing *Smith v. Bodison*, Civil Action No. 2:09-489-HFF-RSC, 2009 WL 2340648, at *6 (D.S.C. July 29, 2009)). Moreover, although Petitioner has filed a copy of the September 3, 2014 letter indicating the Supreme Court of South Carolina would take no action on Petitioner's pro se motion on which he noted that Ganjehsani did not send a copy to him and that he was not included in the list of carbon copies [Doc. 20-1 at 9], the letter was mailed directly to Petitioner, as demonstrated in the inside address of the letter itself [*id.*; Doc. 11-11]. Accordingly, Petitioner has failed to provide any evidence to establish that he did not receive notice that his PCR became final until February 25, 2015.

Petitioner has not provided any grounds for equitably tolling the federal statute of limitations. Therefore, the Court determines the Petition should be dismissed as time barred.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

October 16, 2015
Greenville, South Carolina