**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| DERRICK T. BLAKE, | ) | |
| | ) | |
| Petitioner, | ) | No. 8:15-cv-01721-DCN |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| MCI WARDEN N. WALKER-STALEY, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on Magistrate Judge Jacquelyn D. Austin's Report and Recommendation ("R&R") that this court grant MCI Warden N. Walker-Staley's ("respondent") motion for summary judgment. Petitioner Derrick T. Blake ("Blake"), who is seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed objections to the R&R. For the reasons set forth below, the court adopts the R&R, grants respondent's motion for summary judgment, and denies the relief requested under § 2254.

## I.  BACKGROUND

Blake is currently incarcerated at the Chester County Detention Center. In August 2008, Blake was indicted for distribution of crack cocaine within proximity of a park and distribution of cocaine base. Blake proceeded to trial, and on December 3, 2008, the jury returned a verdict of guilty on both charges. Blake was sentenced to fifteen years of imprisonment on each charge, to be served concurrently.

Blake appealed his conviction, and on November 18, 2009, M. Celia Robinson of the South Carolina Commission on Indigent Defense (the "SCCID")

filed an Anders brief on Blake's behalf. The South Carolina Court of Appeals dismissed the appeal and issued the remittitur on February 28, 2011.

On September 7, 2011, Blake filed a pro se application for post-conviction relief ("PCR"), asserting various ineffective assistance of counsel claims. The state filed a return, and the PCR court held a hearing on October 9, 2012, at which Blake was represented by counsel. On May 3, 2013, the PCR court filed an order denying and dismissing Blake's application with prejudice. Blake timely appealed the dismissal of his PCR application. On January 17, 2014, Carmen V. Ganjehsani ("Ganjehsani") of the SCCID filed a petition for writ of certiorari in the Supreme Court of South Carolina. The court denied the petition on August 7, 2014.

Blake contends that he learned of the denial of his petition on August 13, 2014, and filed a pro se motion for reconsideration on August 22, 2014. On August 25, 2014, the court issued the remittitur, and on September 3, 2014, the court mailed a letter explaining that it would take no action on Blake's pro se motion for reconsideration.

Blake contends that he received neither the remittitur nor the letter regarding his pro se motion. Blake further contends that he sent a letter to the Clerk of Court of the Supreme Court of South Carolina (the "Clerk of Court") on February 10, 2015, inquiring about the status of his pro se motion. The Clerk of Court responded on February 25, 2015, notifying Blake that the motion had been disposed of. After Blake inquired with the SCCID shortly thereafter, the SCCID provided Blake with a copy of the remittitur on March 5, 2015.

On April 16, 2015, Blake, appearing pro se, filed the instant habeas petition pursuant to 28 U.S.C. § 2254. On June 18, 2015, respondent filed a motion for summary judgment. Blake filed a response on August 25, 2015. On October 16, 2015, the magistrate issued the R&R, recommending the court grant the motion for summary judgment because Blake filed his petition after the statute of limitations had expired. Johnson filed objections to the R&R on October 28, 2015 and subsequently filed amended objections to the R&R on February 18, 2016. The matter has been fully briefed and is ripe for the court's review.

## II.  STANDARDS

### A.     28 U.S.C. § 2254

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides relief to persons in custody pursuant to the judgment of a state court on the ground that the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The statute requires a petitioner to exhaust all available remedies in state court before the federal court may consider a claim. § 2254(b)(1)(A).

When a § 2254 petitioner's habeas claim has been adjudicated on the merits in state court proceedings, the federal review court cannot grant relief unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

### B.     Objections to R&R

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). In absence of a timely filed objection to a magistrate judge's R&R, this court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976). This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to him with instructions for further consideration. 28 U.S.C. § 636(b)(1).

### C.     Pro Se Plaintiff

Plaintiff is proceeding pro se in this case. Federal district courts are charged with liberally construing complaints filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9–10 (1980). Pro se complaints are therefore held to a less stringent standard than those drafted by attorneys. Id. Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

### D.    **Summary Judgment**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.  At the summary judgment stage, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in his favor. Id. at 255.

### III.   DISCUSSION

The magistrate judge recommended granting respondent's motion for summary judgment because Blake filed his petition outside of the statute of limitations provided by AEDPA.  Blake argues that equitable tolling should toll the statute of limitations for the period of time he was unaware that his August 22, 2014 pro se motion for reconsideration would not be addressed and that the Supreme Court of South Carolina had remitted the matter to the lower court.

AEDPA requires that an application for a writ of habeas corpus be filed within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

5

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) allows for tolling of the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

Because Blake did not seek further review of his direct appeal after it was dismissed by the South Carolina Court of Appeals on February 10, 2011, Blake's convictions became final on February 25, 2011 pursuant to South Carolina Appellate Court Rule 221(a). Under § 2244(d)(1)(A), Blake then had one year to file his federal habeas petition. The statute of limitations ran from February 25, 2011 until September 7, 2011, the date Blake filed his PCR application. At that point, 194 days had elapsed. The statute remained tolled during the pendency of the PCR action until the remittitur for the PCR appeal was issued on August 25, 2014. To be timely, Johnson was required to file his habeas petition by February 12, 2015. Instead, he filed his petition on April 16, 2015—63 days after the statute of limitations had run.

Blake does not dispute that his petition is untimely under § 2244(d). Rather, he argues that the statute of limitations should be equitably tolled. Blake effectively asserts that equitable tolling is warranted because he was unaware that his PCR application had been disposed of and remitted to the lower court.[1] Pet'r's Objections

---

[1] Blake's objections focus mostly his attorney's failure to inform him of the remittitur, while Blake's discussion of the pro se motion for reconsideration focuses on his contention that it was timely filed—an issue that is only distantly related to the question of equitable estoppel regarding his habeas petition. Nevertheless, because this court must liberally construe complaints filed by pro se litigants,

6

2–3; Pet'r's Am. Objections 2–4. Blake has produced a copy of his August 22, 2014 pro se motion for reconsideration, as well as a copy of the Clerk of Court's September 3, 2014 letter explaining that the motion was untimely and would not be heard. Pet'r's Resp. Ex. 1 at 9. He has also produced a copy of his February 10, 2015 letter seeking verification that the Clerk of Court had received the motion, id. Ex. 1 at 8, and a copy of the SCCID's March 5, 2015 letter sending him a copy of the remittitur. Pet'r's Am. Objections Ex. C.

The Supreme Court has held that "§ 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "[A]t least sometimes, professional misconduct [less than bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part] could nonetheless amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling." Holland, 560 U.S. at 651 (2010). However, "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." Id. at 651−52 (internal citations and quotation marks omitted).

---

see Hughes, 449 U.S. at 9–10, the court reads Blake's equitable tolling argument to be based on the theory that he was generally uninformed of the status of his PCR application. In the circumstances of this case, the status of his pro se motion to reconsider is directly tied to that issue.
    To the extent Blake objects to the R&R's suggestion that he was not diligently pursing his rights, Pet'r's Objections 2, the court finds that the R&R contains no such suggestion, and even if it did, it would make no difference, as Blake's equitable estoppel argument fails for independent reasons.

Almost two years after Holland, the Supreme Court revisited the issue of when attorney misconduct rises to the level of extraordinary circumstances beyond a petitioner's control, albeit in the context of establishing cause to excuse a procedural bar to federal habeas relief.  Maples v. Thomas, 132 S.Ct. 912 (2012).  The Court reaffirmed that "under 'well-settled principles of agency law,'" a habeas petitioner "bears the risk of negligent conduct on the part of his [attorney]" and is, therefore, bound by the attorney's failure to meet a deadline.  Id. at 922 (quoting Coleman v. Thompson, 501 U.S. 722, 753–54 (1991)).  "A markedly different situation is presented, however, when an attorney abandons his client without notice, and thereby occasions the default."  Id.  Because the principal-agent relationship is severed, the attorney's acts or omissions cannot be attributed to the client.  Id. at 923.  The Eleventh Circuit has interpreted Holland and Maples to hold that "attorney negligence, however gross or egregious, does not qualify as an 'extraordinary circumstance' for purposes of equitable tolling; abandonment of the attorney-client relationship . . . is required."  Cadet v. Fla. Dep't of Corr., 742 F.3d 473, 481 (11th Cir. 2014).  For attorney misconduct to amount to an extraordinary circumstance, therefore, there must be an "absolute renunciation or withdrawal, or a complete rejection or desertion of one's responsibilities, a walking away from a relationship."  Id. at 484 (citing Black's Law Dictionary 2 (6th ed. 1990)).

To the extent Blake argues that Ganjehsani abandoned him by leaving SCCID in December 2014, Blake fails to recognize that the SCCID itself in no way abandoned him.  The March 5, 2015 letter from Laura R. Baer indicates that the SCCID promptly responded to Blake when he reached out after learning that his pro

se motion would not be heard. Pet'r's Am. Objections Ex. C. Blake does not allege that he attempted to make contact with either Ganjehsani or the SCCID regarding the status of his petition at any time before that. Specifically with respect to Ganjehsani, Blake fails to point out any other acts or omissions that prevented him from filing his habeas petition on time.[2] Thus, the cumulative effect of Ganjehsani's "abandonment" was simply a failure to notify Blake of the remittitur. This court has squarely held that "attorney error of this type does not amount to an extraordinary circumstance entitling a habeas petitioner to the benefit of the doctrine of equitable tolling." Asbury v. Stevenson, No. 3:09-cv-2557-DCN, 2010 WL 3814477, at *7 (D.S.C. Sept. 23, 2010). Without more, Blake's claim resembles the "garden variety claim of excusable neglect" described in Holland, which does not warrant equitable tolling. See Holland, 560 U.S. at 651–52 (internal citations and quotation marks omitted) (contrasting "excusable neglect" and "simple negligence," such as an attorney's failure to file before the expiration of a statute of limitations, with a situation in which an attorney "failed to communicate with his client over a period of years, despite various pleas from [the client] that [the attorney] respond to his letters")

Blake's pro se motion for reconsideration does not change the analysis. Even if a state court's failure to notify a petitioner of its decision may provide a basis for equitable estoppel in some circumstances, see Bailey v. Johnson, 2009 WL 2232747, at *4 (E.D. Va. July 20, 2009), Blake was not solely reliant on the Supreme Court of South Carolina to provide such notice. Even if the Clerk of Court's September 3,

---

[2] Blake does argue that Ganjehsani failed to amend Blake's petition for writ of certiorari after he requested that she do so, Pet'r's Am. Objections 3, but this failure did not cause Blake's habeas petition to be untimely. At most, it set in motion a course of events that could have also notified Blake that his petition to the Supreme Court of South Carolina had been disposed of, but ultimately did not.

9

2014 letter would have given him sufficient information to file a timely habeas petition,[3] notice of the court's remittitur would have been equally sufficient. Thus, the Clerk of Court's failure and Ganjehsani's failure were independent causes of Blake's untimeliness. If a habeas petitioner truly "bears the risk of negligent conduct on the part of his [attorney]," Maples, 132 S.Ct. at 922 (quoting Coleman, 501 U.S. at 753–54), then equitable estoppel cannot be had where an attorney's "simple negligence" prevents the petitioner from filing a timely habeas petition, regardless of whether there was some other, independent, "but for" cause of that result. The fact remains that had Ganjehsani notified Blake of the remittitur, he would have been able to file a timely habeas petition. Therefore, the legal effect of Ganjehsani's conduct remains the dispositive inquiry.

Because Blake has not shown that Ganjehsani's conduct gave rise to exceptional circumstances warranting the application of equitable tolling, his habeas petition is barred by the statute of limitations. Therefore, the court grants respondent's motion for summary judgment.

---

[3] The R&R notes that Blake is listed on the inside address of the September 3, 2014 letter. R&R 20. However, this does not conclusively establish the address on the outside of the letter, and Blake did submit evidence indicating that he was unaware of the status of his pro se motion as of February 10, 2015. Pet'r's Resp. Ex. 1 at 7. For summary judgment purposes, the court finds this evidence creates a genuine issue of material fact as to whether Blake received the September 3, 2014 letter. However, as explained above, this finding does not alter the result.

## IV.   CONCLUSION

Based on the foregoing, the court **ADOPTS** the magistrate judge's R&R, **DENIES** petitioner's habeas petition brought under 28 U.S.C. § 2254, and **GRANTS** respondent's motion for summary judgment.

**AND IT IS SO ORDERED**.

                                                                    **DAVID C. NORTON**
                                                                    **UNITED STATES DISTRICT JUDGE**

**March 31, 2016**
**Charleston, South Carolina**